UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NEXTEEL CO., LTD., <br><br> Plaintiff, <br><br> HYUNDAI STEEL COMPANY and SeAH STEEL CORPORATION, <br><br> Consolidated Plaintiffs, <br><br> and <br><br> HYUNDAI STEEL COMPANY, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> WHEATLAND TUBE COMPANY and NUCOR TUBULAR PRODUCTS INC., <br><br> Defendant-Intervenors. | Before: Honorable Jennifer Choe-Groves, Judge <br><br> Consol. Court No. 20-03868 <br><br> <u>PUBLIC DOCUMENT</u> |

**REPLY BRIEF OF**
**CONSOLIDATED PLAINTIFF AND PLAINTIFF-INTERVENOR,**
**HYUNDAI STEEL COMPANY,**

                Robert G. Gosselink
                Jarrod M. Goldfeder
                TRADE PACIFIC PLLC
                700 Pennsylvania Avenue, SE, Suite 500
                Washington, D.C. 20003
                (202) 223-3760

Dated: July 1, 2021         *Counsel to Hyundai Steel Company*
                *Consolidated Plaintiff and Plaintiff-Intervenor*

**REPLY BRIEF OF CONSOLIDATED PLAINTIFF AND PLAINTIFF-INTERVENOR, HYUNDAI STEEL COMPANY**

This brief is submitted on behalf of Consolidated Plaintiff and Plaintiff-Intervenor, Hyundai Steel Company (hereinafter, "Consolidated Plaintiff/Plaintiff-Intervenor" or "Hyundai Steel"), in response to the briefs filed on June 1, 2021, by Defendant, the United States, and Defendant-Intervenors, Wheatland Tube Company and Nucor Tubular Products Inc., in this action. In accordance with the Court's February 5, 2021, Scheduling Order, ECF No. 33, this reply brief is timely filed.

Hyundai Steel's March 30, 2021, memorandum in support of its USCIT Rule 56.2 Motion for Judgment upon the Agency Record set forth facts and arguments relating to the weighted-average dumping rate that Hyundai Steel received as a non-examined company in the 26th administrative review of <u>Circular Welded Non-Alloy Steel Pipe from the Republic of Korea</u>, 85 Fed. Reg. 71,055 (Dep't Commerce Nov. 6, 2020) (final results of antidumping duty administrative review; 2017-2018). In order to avoid the duplication of arguments, Hyundai Steel's March 30th memorandum joined and incorporated by reference all arguments raised by Plaintiff NEXTEEL Co., Ltd. ("NEXTEEL"), in its separate memorandum of law supporting its respective motion for judgment on the agency record pursuant to USCIT Rule 56.2. Hyundai Steel requested that the Court instruct the U.S. Department of Commerce ("Commerce") to recalculate the rate assigned to non-individually investigated respondents in the underlying administrative review, including Hyundai Steel, to the extent that the weighted-average dumping margins determined for NEXTEEL or the other individually investigated mandatory respondent, Husteel Co., Ltd. ("Husteel"), change as a result of the Court's decision in this action.

The responses filed by Defendant and Defendant-Intervenors did not contest Hyundai Steel's claim that, if Commerce recalculates NEXTEEL's and/or Husteel's antidumping duty

rates, Commerce must also be required to recalculate the rates assigned to non-individually investigated respondents. Instead, their responses focused on the substantive arguments presented by NEXTEEL.

Plaintiff NEXTEEL has filed a reply today that responds in detail to the briefs of Defendant and Defendant-Intervenors regarding the final weighted-average dumping margins calculated for NEXTEEL, and specifically why Commerce's finding of a "particular market situation" and corresponding cost adjustments to the mandatory respondents' costs of manufacturing were unsupported by substantial evidence and not otherwise in accordance with law. In the interest of judicial economy, Hyundai Steel hereby joins and incorporates by reference the reply arguments submitted today in this action by NEXTEEL and requests that the Court apply those arguments to the issues raised by Hyundai Steel in this action. Hyundai Steel also respectfully requests that the Court grant Hyundai Steel's USCIT Rule 56.2 motion for judgment upon the agency record and remand this matter to Commerce for disposition consistent with the Court's opinion.

        Respectfully submitted,

        <u>/s/ Jarrod M. Goldfeder</u>
        Robert G. Gosselink
        Jarrod M. Goldfeder

        **TRADE PACIFIC PLLC**
        700 Pennsylvania Avenue, SE
        Suite 500
        Washington, D.C. 20003
        (202) 223-3760

        *Counsel to Hyundai Steel Company*
Dated: July 1, 2021        *Consolidated Plaintiff and Plaintiff-Intervenor*

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NEXTEEL CO., LTD., <br><br> Plaintiff, <br><br> HYUNDAI STEEL COMPANY and SeAH STEEL CORPORATION, <br><br> Consolidated Plaintiffs, <br><br> and <br><br> HYUNDAI STEEL COMPANY, <br><br> Plaintiff-Intervenor, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> WHEATLAND TUBE COMPANY and NUCOR TUBULAR PRODUCTS INC., <br><br> Defendant-Intervenors. | Before: Honorable Jennifer Choe-Groves, Judge <br><br> Consol. Court No. 20-03868 |

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel at Trade Pacific PLLC hereby certifies that the Reply Brief of Consolidated Plaintiff and Plaintiff-Intervenor, Hyundai Steel Company, dated July 1, 2021, complies with the word-count limitation described in the Standard Chambers Procedures. The memorandum of law contains 444 words according to the word-count function of the word-processing software used to prepare the memorandum, excluding the table of contents, table of authorities, and undersigned counsel's signature block.

Respectfully submitted,

/s/ Jarrod M. Goldfeder
Robert G. Gosselink
Jarrod M. Goldfeder
**TRADE PACIFIC PLLC**
700 Pennsylvania Avenue, SE
Suite 500
Washington, D.C.  20003
(202) 223-3760

Dated:  July 1, 2021

*Counsel to Hyundai Steel Company*
*Consolidated Plaintiff and Plaintiff-Intervenor*