UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| NEXTEEL CO., LTD., | ) |
| *Plaintiff*, | ) |
| HYUNDAI STEEL COMPANY and SEAH STEEL CORPORATION, | ) |
| *Consolidated Plaintiffs*, | ) |
| and | ) |
| HYUNDAI STEEL COMPANY, | ) |
| *Plaintiff-Intervenor*, | ) |
| v. | ) Consol. Court No. 20-03868 |
| UNITED STATES, | ) |
| *Defendant*, | ) |
| and | ) |
| WHEATLAND TUBE COMPANY and NUCOR TUBULAR PRODUCTS INC., | ) |
| *Defendant-Intervenors*. | ) |

**ORDER**

Upon consideration of plaintiff's and defendant-intervenor's comments regarding the remand redetermination, defendant's response, and all other pertinent papers, it is hereby

ORDERED, that the remand redetermination is sustained; and it is further

ORDERED, that final judgment is entered for the United States.

Dated:_____  
    New York, NY                                     _____  
                                                                               Jennifer Choe-Groves, Judge

# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

_____

|  |  |
|---|---|
| NEXTEEL CO., LTD., | ) |
| *Plaintiff*, | ) |
| HYUNDAI STEEL COMPANY and SEAH STEEL CORPORATION, | ) |
| *Consolidated Plaintiffs*, | ) |
| and | ) |
| HYUNDAI STEEL COMPANY, | ) |
| *Plaintiff-Intervenor*, | ) |
| v. | ) Consol. Court No. 20-03868 |
| UNITED STATES, | ) |
| *Defendant*, | ) |
| and | ) |
| WHEATLAND TUBE COMPANY and NUCOR TUBULAR PRODUCTS INC., | ) |
| *Defendant-Intervenors*. | ) |

_____

**DEFENDANT'S RESPONSE TO
COMMENTS ON REMAND REDETERMINATION**

                BRIAN M. BOYNTON
                Acting Assistant Attorney General

                PATRICIA M. MCCARTHY
                Director

|  |  |
|---|---|
|  | /s/ Franklin E. White, Jr.<br>FRANKLIN E. WHITE, JR.<br>Assistant Director |
| OF COUNSEL:<br>JonZachary Forbes<br>Attorney<br>Office of the Chief Counsel<br>for Trade Enforcement and Compliance<br>U.S. Department of Commerce<br>Washington, D.C. | /s/ Robert R. Kiepura<br>ROBERT R. KIEPURA<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 305-4436<br>E-mail: Robert.Kiepura@usdoj.gov |
| December 17, 2021 | Attorneys for Defendant |

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| NEXTEEL CO., LTD., | ) |
| *Plaintiff*, | ) |
| HYUNDAI STEEL COMPANY and SEAH STEEL CORPORATION, | ) |
| *Consolidated Plaintiffs*, | ) |
| and | ) |
| HYUNDAI STEEL COMPANY, | ) |
| *Plaintiff-Intervenor*, | ) |
| v. | ) Consol. Court No. 20-03868 |
| UNITED STATES, | ) |
| *Defendant*, | ) |
| and | ) |
| WHEATLAND TUBE COMPANY and NUCOR TUBULAR PRODUCTS INC., | ) |
| *Defendant-Intervenors*. | ) |

**DEFENDANT'S RESPONSE TO**
**COMMENTS ON REMAND REDETERMINATION**

Defendant, the United States, respectfully submits this response to the comments of plaintiff, NEXTEEL Co., Ltd. (NEXTEEL) (ECF No. 57), and of defendant-intervenors, Wheatland Tube Company (Wheatland) and Nucor Tubular Products Inc. (Nucor Tubular) (ECF No. 56), regarding the remand results filed by the Department of Commerce pursuant to this

Court's decision and remand order. *Final Results of Redetermination Pursuant to Court Order, NEXTEEL Co., Ltd., et al. v. United States*, Consol. Court No. 20-03868, Slip. Op. 21-132, October 29, 2021, ECF No. 54 (*Remand Results*). For the reasons set forth below, we respectfully request that the Court sustain Commerce's remand results and enter final judgment.

BACKGROUND

I.   The Administrative Decision Under Review

This case involves a challenge to the final results of Commerce's twenty-sixth administrative review, covering the 2017-2018 review period, of the antidumping duty order covering circular welded non-alloy steel pipe (CWP) from the Republic of Korea (Korea). *See Circular Welded Non-Alloy Steel Pipe from the Republic of Korea: Final Results of Antidumping Duty Administrative Review; 2017-2018*, 85 Fed. Reg. 71,055 (November 6, 2020) (Final Results), and accompanying Issues and Decision Memorandum (IDM). In the *Final Results*, Commerce found that a particular market situation existed in Korea concerning the cost of hot-rolled coil (an input into subject pipe and tube) and adjusted plaintiffs' reported cost of production to account for this particular market situation. IDM at 12-22.

II.  The Court's Remand Order And Commerce's Remand Results

In its September 27, 2021 Remand Order, the Court remanded the issue of Commerce's cost-based particular market situation to Commerce for further consideration. *NEXTEEL Co., Ltd v. United States*, Consol. Court No. 20-03868, Slip. Op. 21-132 (Ct. Int'l Trade Sept. 27, 2021) (*Remand Order*). The Court held that Commerce is not authorized under the statute to make a particular market situation adjustment to a respondent's cost of production for purposes of the sales-below-cost test when Commerce relies on home market or third country market sales to determine normal value under 19 U.S.C. § 1677b(b), although Commerce may use any

2

reasonable methodology to determine constructed value where a particular market situation interferes with its calculations under 19 U.S.C. § 1677b(e). *Remand Order* at 15-16.[1] The Court "d{id} not consider whether Commerce's particular market situation determination is supported by substantial evidence on the record." *Id.* at 18. As such, on remand Commerce continued to find that substantial evidence supported its particular market situation determination when calculating the cost of production where normal value is based on constructed value, in accordance with 19 U.S.C. § 1677b(e). *Remand Results* at 3.

Pursuant to the *Remand Order*, Commerce recalculated its assigned weighted-average dumping margins without making a cost-based particular market situation adjustment; however, Commerce continued to find that substantial evidence supported its particular market situation determination while recognizing that the Court has held that Commerce's determination to make an adjustment under 19 U.S.C. § 1677b(b) for purposes of the sales-below-cost test was unlawful. *Remand Results* at 6-7.

## ARGUMENT

I.   Standard Of Review

In remand proceedings, the Court will sustain Commerce's antidumping determination if it is "in accordance with the remand order," and is "supported by substantial evidence and otherwise in accordance with law." *See MacLean-Fogg Co. v. United States*, 100 F. Supp. 3d 1349, 1355 (Ct. Int'l Trade 2015) (citing 19 U.S.C. § 1516a(b)(1)(B)(i)).

---

[1] Subsequent to the *Remand Order* and the filing of the *Remand Results*, the Federal Circuit upheld this analysis of section 1677b(b). *See Hyundai Steel Company v. United States*, No. 2021-1748, 2021 WL 5856804 at *1 (Fed. Cir. Dec. 10, 2021). However, because Commerce removed its cost-based particular market situation adjustment on remand in this case, that holding does not disturb the results of this redetermination.

II.  Commerce Complied With The Court's Remand Order

The Court should sustain Commerce's remand results because Commerce complied with the Court's order on remand.

A.  Particular Market Situation

In the *Remand Order*, the Court held that Commerce is not authorized under the statute to make a particular market situation adjustment to a respondent's cost of production for purposes of the sales-below-cost test when Commerce relies on home market or third country market sales to determine normal value under 19 U.S.C. § 1677b(b), although Commerce may use any reasonable methodology to determine constructed value where a particular market situation interferes with its calculations under 19 U.S.C. § 1677b(e). *Remand Order* at 15-16. Thus, for these reasons, the Court held that Commerce's particular market situation determination and subsequent adjustment were unlawful. *Id*. As to Commerce's determination that a particular market situation exists in Korea with respect hot-rolled coil, the Court stated that it did not reach the issue of whether this determination was supported by substantial evidence. *Id*. at 18. Because all of Commerce's normal value calculations were based on home market sales, Commerce complied with this Court's order and recalculated the weighted-average dumping margins for the respondents without making a cost-based particular market situation adjustment. *Remand Results* at 3.

Defendant-Intervenors, Wheatland and Nucor Tubular, filed comments stating that while they respectfully disagree with the Court's statutory finding that Commerce is unable to apply a particular market situation adjustment for purposes of the sales-below-cost test, they recognize that given the Court's *Remand Order* that Commerce was left with no choice but to no longer apply this adjustment. Defendant-Intervenors Comments at 2. Wheatland and Nucor Tubular

4

further supported Commerce's continued finding that a particular market situation existed in Korea during the period of review that distorted the price of hot-rolled coil. *Id*.

NEXTEEL filed comments supporting Commerce's determination not to apply a particular market situation adjustment for purposes of the sales-below cost test. NEXTEEL Comments at 1. NEXTEEL contends that Commerce's particular market situation finding is not supported by substantial evidence based on the facts and arguments it previously presented to the Court for consideration. *Id*. However, NEXTEEL stated that because Commerce did not apply a particular market situation adjustment to its reported costs, the issue of Commerce's particular market situation is moot with respect to NEXTEEL. *Id*.

Commerce recognized that the Court declined to reach the merits of the arguments raised by plaintiff, plaintiff-intervenors, and consolidated plaintiff regarding whether the particular market situation finding and resulting adjustment were supported by substantial evidence and concluded that Commerce is statutorily permitted to make a particular market situation adjustment only under 19 U.S.C. § 1677b(e) and not 19 U.S.C. § 1677b(b)(1). *Remand Order* at 18. In Commerce's analytical framework it first determines whether substantial evidence supports a particular market situation finding and then determines the appropriate adjustment and how to apply it.[2] Although Commerce acknowledges the Court has held that Commerce's determination to apply a particular market situation adjustment for purposes of the sales-below-cost test is unlawful, because the Court did not reach the threshold issue of whether substantial evidence supports a particular market situation, Commerce has continued to find that its particular market situation finding is supported by substantial evidence. *Remand Results* at 6.

---

[2] *See, e.g.*, *Remand Order* at 12 ("The amendment authorizes Commerce to use alternative cost methodologies when computing constructed value *after* making a particular market situation determination.") (emphasis added).

5

To the ultimate issue of whether Commerce's decision not to continue to apply a particular market situation adjustment to reported costs, all parties that filed comments agree that Commerce complied with the Court's order, and therefore the Court should sustain the remand results. *See, e.g.*, *Gerber Food (Yunnan) Co. v. United States*, 32 CIT 995, 996 (2008) (affirming remand redetermination that complied with Court order and where no party challenged the redetermination).

## CONCLUSION

For these results, we respectfully request that the Court sustain Commerce's remand redetermination and enter judgment.

                          Respectfully submitted,

                          BRIAN M. BOYNTON
                          Acting Assistant Attorney General

                          PATRICIA M. MCCARTHY
                          Director

                          /s/Franklin E. White, Jr.
                          FRANKLIN E. WHITE, JR.
                          Assistant Director

| | |
|---|---|
| OF COUNSEL:<br>JonZachary Forbes<br>Attorney<br>Office of the Chief Counsel<br>for Trade Enforcement and Compliance<br>U.S. Department of Commerce<br>Washington, D.C. | /s/ Robert R. Kiepura<br>ROBERT R. KIEPURA<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division<br>Commercial Litigation Branch<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: (202) 305-4436<br>E-mail: Robert.Kiepura@usdoj.gov |
| December 17, 2021 | Attorneys for Defendant |