UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NEXTEEL CO., LTD.,<br><br>    Plaintiff,<br><br>HYUNDAI STEEL COMPANY and SeAH STEEL CORPORATION,<br><br>    Consolidated Plaintiffs,<br><br>and<br><br>HYUNDAI STEEL COMPANY,<br><br>    Plaintiff-Intervenor,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant,<br><br>and<br><br>WHEATLAND TUBE COMPANY and NUCOR TUBULAR PRODUCTS INC.,<br><br>    Defendant-Intervenors. | Before: Honorable Jennifer Choe-Groves,<br>         Judge<br><br>Consol. Court No. 20-03868<br><br><u>PUBLIC DOCUMENT</u> |

COMMENTS OF CONSOLIDATED PLAINTIFF AND
PLAINTIFF-INTERVENOR, HYUNDAI STEEL COMPANY,
ON COMMERCE'S REMAND REDETERMINATION

                                                                     Robert G. Gosselink
                                                                     Jarrod M. Goldfeder
                                                                     TRADE PACIFIC PLLC
                                                                     700 Pennsylvania Avenue, SE, Suite 500
                                                                     Washington, D.C.  20003
                                                                     (202) 223-3760

                                                                     *Counsel to Hyundai Steel Company*
Dated:  December 17, 2021                          *Consolidated Plaintiff and Plaintiff-Intervenor*

**COMMENTS OF CONSOLIDATED PLAINTIFF AND
PLAINTIFF-INTERVENOR, HYUNDAI STEEL COMPANY,
ON COMMERCE'S REMAND REDETERMINATION**

These comments are submitted on behalf of Consolidated Plaintiff and Plaintiff-Intervenor, Hyundai Steel Company ("Hyundai Steel"), concerning the "Final Results of Redetermination Pursuant to Remand" ("*Final Remand Results*"), ECF No. 54, filed by the U.S. Department of Commerce ("Commerce") concerning *Nexteel Co., Ltd., et al. v. United States*, Consol. Court. No. 20-03868, Slip Op. 21-132 (Ct. Int'l Trade Sept. 27, 2021).

As a non-individually investigated respondent in the underlying administrative proceeding that is the subject of this litigation, the rate assigned to Hyundai Steel is determined by the final weighted-average dumping margins calculated for the two individually investigated mandatory respondents, NEXTEEL Co., Ltd. ("NEXTEEL") and Husteel Co., Ltd. ("Husteel"). This means that any calculation changes made to NEXTEEL's antidumping duty calculation in this litigation directly impacts the review-specific average rate assigned to Hyundai Steel.

Hyundai Steel agrees that Commerce's decision to recalculate the weighted-average dumping margins in the *Final Remand Results* without the application of any "particular market situation" ("PMS") adjustment, and to use those recalculated weighted-average dumping margins—both for NEXTEEL and Husteel—to recalculate the review-specific average rate assigned to Hyundai Steel as a non-examined company, complies with the Court's remand order in Slip Op. 21-132.  That being said, Hyundai Steel continue to disagree with certain aspects of Commerce's analysis of the record evidence regarding its affirmative PMS finding.  In order to avoid the duplication of arguments, Hyundai Steel concurs with the previously submitted comments of NEXTEEL concerning the *Final Remand Results*.  *See* ECF No. 57 (Dec. 3, 2021).

**Consol. Court No. 20-03868**
**Hyundai Steel's Comments on Remand Results**

Finally, the recent decision of the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") in *Hyundai Steel Company v. United States*, Court No. 2021-1748 (Fed. Cir. Dec. 10, 2021), is directly relevant to the main challenge in this action.  In *Hyundai Steel*, the Federal Circuit held that the antidumping duty statute does not authorize Commerce to apply a PMS adjustment to a respondent's costs of production for purposes of the statutory sales-below-cost test performed in accordance with 19 U.S.C. § 1677b(b), but rather, limits Commerce's authority to apply PMS adjustments to the calculation of constructed value under 19 U.S.C. § 1677b(e). *See also* ECF No. 58 (Dec. 14, 2021).  In view of the Federal Circuit's directly applicable decision, Hyundai Steel respectfully submits that this Court should reject the arguments of the defendant-intervenors and affirm Commerce's determination in the *Final Remand Results* not to make any PMS adjustment.

Respectfully submitted,

/s/ Jarrod M. Goldfeder
Robert G. Gosselink
Jarrod M. Goldfeder

**TRADE PACIFIC PLLC**
700 Pennsylvania Avenue, SE
Suite 500
Washington, D.C.  20003
(202) 223-3760

*Counsel to Hyundai Steel Company*
*Consolidated Plaintiff and Plaintiff-Intervenor*

Dated:  December 17, 2021

2

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **NEXTEEL CO., LTD.,**<br><br>     Plaintiff,<br><br>**HYUNDAI STEEL COMPANY and SeAH STEEL CORPORATION,**<br><br>     Consolidated Plaintiffs,<br><br>and<br><br>**HYUNDAI STEEL COMPANY,**<br><br>     Plaintiff-Intervenor,<br><br>v.<br><br>**UNITED STATES,**<br><br>     Defendant,<br><br>and<br><br>**WHEATLAND TUBE COMPANY and NUCOR TUBULAR PRODUCTS INC.,**<br><br>     Defendant-Intervenors. | Before:  Honorable Jennifer Choe-Groves,<br>             Judge<br><br>Consol. Court No. 20-03868 |

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel at Trade Pacific PLLC hereby certifies that the Comments of Consolidated Plaintiff and Plaintiff-Intervenor, Hyundai Steel Company, on Commerce's Remand Redetermination, dated December 17, 2021, complies with the word-count limitation described in the Standard Chambers Procedures.  The memorandum of law contains <u>415</u> words according to the word-count function of the word-processing software used to prepare the memorandum, excluding the table of contents, table of authorities, and undersigned counsel's signature block.

**Consol. Court No. 20-03868**
**Certificate of Compliance**

Respectfully submitted,

/s/ Jarrod M. Goldfeder
Robert G. Gosselink
Jarrod M. Goldfeder
**TRADE PACIFIC PLLC**
700 Pennsylvania Avenue, SE
Suite 500
Washington, D.C.  20003
(202) 223-3760

*Counsel to Hyundai Steel Company*
Dated:  December 17, 2021                              *Consolidated Plaintiff and Plaintiff-Intervenor*