Slip Op. 22-69

# UNITED STATES COURT OF INTERNATIONAL TRADE

NEXTEEL CO., LTD.,

    Plaintiff,

HYUNDAI STEEL COMPANY
and
SEAH STEEL CORPORATION,

    Consolidated Plaintiffs,

and

HYUNDAI STEEL COMPANY,

    Plaintiff-Intervenor,

v.

UNITED STATES,

    Defendant,

and

WHEATLAND TUBE COMPANY
and NUCOR TUBULAR
PRODUCTS INC.,

    Defendant-Intervenors.

Before: Jennifer Choe-Groves, Judge

Consol. Court No. 20-03868

# OPINION

[Sustaining the U.S. Department of Commerce's remand results in the 2017–2018 administrative review of the antidumping duty order on circular welded non-alloy steel pipe from the Republic of Korea.]

Dated: June 16, 2022

J. David Park, Henry D. Almond, Daniel R. Wilson, Leslie C. Bailey, and Kang Woo Lee, Arnold & Porter Kaye Scholer LLP, of Washington, D.C., for Plaintiff NEXTEEL Co., Ltd.

Jarrod M. Goldfeder and Robert G. Gosselink, Trade Pacific PLLC, of Washington, D.C., for Consolidated Plaintiff and Plaintiff-Intervenor Hyundai Steel Company.

Jeffrey M. Winton, Michael J. Chapman, Amrietha Nellan, Vi N. Mai, and Jooyuon Jeong, Winton & Chapman PLLC, of Washington, D.C., for Consolidated Plaintiff SeAH Steel Corporation.

Robert R. Kiepura, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States. With him on the brief were Brian M. Boynton, Acting Assistant Attorney General, Patricia M. McCarthy, Director, and Franklin E. White, Jr., Assistant Director. Of counsel on the brief was JonZachary Forbes, Attorney, Office of the Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce.

Roger B. Schagrin and Elizabeth J. Drake, Schagrin Associates, of Washington, D.C., for Defendant-Intervenor Wheatland Tube Company.

Alan H. Price, Robert E. DeFrancesco, III, Theodore P. Brackemyre, and Paul A. Devamithran, Wiley Rein LLP, of Washington, D.C., for Defendant-Intervenor Nucor Tubular Products Inc.

    Choe-Groves, Judge: Plaintiff NEXTEEL Co., Ltd. ("NEXTEEL"), Consolidated Plaintiff and Plaintiff-Intervenor Hyundai Steel Company ("Hyundai Steel"), and Consolidated Plaintiff SeAH Steel Corporation ("SeAH"),

(collectively, "Plaintiffs"), challenged the final results in the 2017–2018 administrative review of the antidumping duty order covering circular welded non-alloy steel pipe ("CWP") from the Republic of Korea ("Korea").  <u>Circular Welded Non-Alloy Steel Pipe from the Republic of Korea</u> ("Final Results"), 85 Fed. Reg. 71,055 (Dep't of Commerce Nov. 6, 2020) (final results of antidumping duty administrative review; 2017–2018) and accompanying Issues & Decisions Mem. for the Final Results of the 2017–2018 Admin. Review of the Antidumping Duty Order on Circular Non-Alloy Steel Pipe from the Republic of Korea ("Final IDM"), PR 247.[1]

Before the Court are the [Amended] Final Results of Redetermination Pursuant to Court Order ("Remand Results"), ECF No. 54-1, which the Court ordered in <u>NEXTEEL Co. v. United States</u> ("<u>NEXTEEL</u>"), 45 CIT __, 540 F. Supp. 3d 1320 (2021).  Defendant-Intervenors Wheatland Tube Company and Nucor Tubular Products Inc. (collectively, "Defendant-Intervenors" or "Def.-Intervs.") filed comments stating that the <u>Remand Results</u> comply with the Court's order.  Def.-Intervs.' Comments Partial Opp'n Remand Redetermination ("Def.-Intervs.' Cmts.") at 1, ECF No. 56.  NEXTEEL filed comments indicating partial

---

[1] Citations to the remand administrative record reflect the public record ("PR") document numbers filed in this case, ECF No. 46.

opposition to the Remand Results because the Court's prior decision held that the particular market situation determination made by the U.S. Department of Commerce ("Commerce") was contrary to the law but Commerce continued to find on remand that a particular market situation existed in Korea during the period of review. NEXTEEL's Remand Comments ("NEXTEEL's Cmts.") at 1–4, ECF No. 57.

Defendant United States ("Defendant") filed its response in support of the Remand Results. Def.'s Resp. Comments Remand Redetermination ("Def.'s Cmts."), ECF No. 59. Hyundai Steel filed comments expressing general support for the Remand Results and opposition in part. Hyundai Steel's Comments Commerce's Remand Redetermination ("Hyundai Steel's Cmts.") at 2, ECF No 60.

For the following reasons, the Court sustains the Remand Results.

## BACKGROUND

The Court assumes familiarity with its previous opinion and recites the facts relevant to review of the Remand Results. See generally NEXTEEL, 45 CIT __, 540 F. Supp. 3d 1320. Commerce interpreted Section 504 of the Trade Preferences Extension Act of 2015 ("TPEA"), Pub. L. No. 114-27, § 504, 129 Stat. 362, 385, to confer discretion to adjust input purchase prices of producers for calculating cost of production as part of the sales-below costs test of 19 U.S.C. § 1677b(b)(1). In

its Final Results, Commerce determined that a particular market situation existed that distorted the costs of Korean producers of subject merchandise based on the totality of four factors: (1) Korean subsidies of hot-rolled steel coil; (2) Korean imports of hot-rolled steel coil from the People's Republic of China; (3) strategic alliances between Korean hot-rolled steel coil producers and CWP producers; and (4) distortions in the Korean electricity market.  NEXTEEL, 45 CIT at __, 540 F. Supp. 3d at 1328 (citing Final IDM at 8; Decision Mem. for the Prelim. Results of Antidumping Duty Admin. Review: Circular Welded Non-Alloy Steel Pipe from the Republic of Korea: 2017–2018 (Jan. 9, 2020) at 12, PR 203).  After reviewing the language of Section 1677b (as amended) and other provisions and case law, the Court concluded that Congress did not authorize Commerce to adjust the cost of production as an alternative calculation methodology when using normal value based on home market sales under Section 1677b(e) because Section 504 of the TPEA did not amend Section 1677b(b), which sets out the calculation of the cost of production for the sales-below-cost test to determine whether and which sales should be disregarded as outside the ordinary course of trade when normal value is based on home market sales.  Id. at __, 540 F. Supp. 3d at 1328–29.  Commerce's particular market situation adjustment to the cost of production was therefore not in accordance with the law, and the Court remanded the Final Results for reconsideration of Commerce's particular market situation determination and

adjustment.  Id.

## JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction pursuant to Section 516A(a)(2)(B)(i) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(2)(B)(i), and 28 U.S.C. § 1581(c). The Court will hold unlawful any determination found to be unsupported by substantial evidence on the record or otherwise not in accordance with the law.  19 U.S.C. § 1516a(b)(1)(B)(i).  The Court also reviews determinations made on remand for compliance with the Court's remand order.  Ad Hoc Shrimp Trade Action Comm. v. United States, 38 CIT 727, 730, 992 F. Supp. 2d 1285, 1290 (2014), aff'd, 802 F.3d 1339 (Fed. Cir. 2015).

## DISCUSSION

NEXTEEL "fully supports Commerce's determination to remove any element of a particular market situation adjustment to the calculation of NEXTEEL's costs," which NEXTEEL argues "is the only possible reasonable outcome under the statute and the only outcome that would accord with the remand order," NEXTEEL's Cmts. at 2 (citing NEXTEEL, 45 CIT at __, 540 F. Supp. 3d at 1328, 1329), but it objects to Commerce's continued finding on remand that a particular market situation existed in Korea during the period of review, id. at 4. NEXTEEL contends that that determination is contrary to the Remand Order.  Id. NEXTEEL contends further that Commerce's particular market situation

determination is unreasonable and unsupported by substantial record evidence in any event, but also recognizes that the issue of Commerce's particular market situation determination is moot when the court concludes that the statute does not permit a particular market situation adjustment.  Id. at 3–4 (quoting Borusan Mannesmann Boru Sanayi ve Ticaret A.Ş. v. United States, 45 CIT __, __, 494 F. Supp. 3d 1365, 1371 (2021) ("Because a [particular market situation] adjustment is not permitted for the purposes of the sales-below-cost test, any claims relating to . . . Commerce's determination that a [particular market situation] existed are now mooted.")).

Defendant requests that the Court sustain the Remand Results and enter judgment.  Defendant contends that because the Court did not consider whether Commerce's particular market situation determination is supported by substantial evidence on the record, "on remand Commerce continued to find that substantial evidence supported its particular market situation determination when calculating the cost of production where normal value is based on constructed value, in accordance with 19 U.S.C. § 1677b(e)."  Def.'s Cmts. at 3 (citing, inter alia, Remand Results at 3).  However, "[b]ecause all of Commerce's normal value calculations were based on home market sales, Commerce complied with this Court's order and recalculated the weighted-average dumping margins for the respondents without making a cost-based particular market situation adjustment."

Id. at 4 (citing Remand Results at 3).

Defendant-Intervenors disagree with the Court's holding that the statute does not permit an adjustment to the cost of production to account for a particular market situation when normal value is based on home market sales, and they disagree with this aspect of Commerce's remand determination. Def.-Intervs.' Cmts. at 1. Defendant-Intervenors "recognize, however, that Commerce had no choice but to comply with this Court's order . . . [and] support Commerce's decision to submit the remand determination under respectful protest." Id. (citing Remand Results at 5).

Regarding the comments in opposition to the Remand Results, Defendant argues that:

> [a]lthough Commerce acknowledges the Court has held that Commerce's determination to apply a particular market situation adjustment for purposes of the sales-below-cost test is unlawful, because the Court did not reach the threshold issue of whether substantial evidence supports a particular market situation, Commerce has continued to find that its particular market situation finding is supported by substantial evidence.

Def.'s Cmts. at 5 (citing Remand Results at 6).

Commerce on remand may still claim to have had, as a matter of law, "discretion" to examine whether a particular market situation existed in Korea, but that is only relevant when normal value is based on constructed value—which, under the circumstances, was not this case. The U.S. Court of Appeals for the

Federal Circuit recently affirmed that "the 2015 amendments to the antidumping statute do not authorize Commerce to use the existence of a [particular market situation] as a basis for adjusting a respondent's costs of production to determine whether a respondent has made home market sales below cost." Hyundai Steel Co. v. United States, 19 F.4th 1346, 1348 (Fed. Cir. 2021); see id. at 1356. In addition, the U.S. Court of Appeals for the Federal Circuit confirmed that Congress intended a particular market situation adjustment only for constructed value but not for calculations of the cost of production, which impacts the sales-below-cost test of 19 U.S.C. § 1677b(b). Id. at 1352–53; see Husteel Co. v. United States, 44 CIT __, 426 F. Supp. 3d 1376, 1387–88 (2020).

The Court need not waste its or the Parties' resources any further by delving into the question of whether Commerce's particular market situation determination on remand is supported by substantial evidence, as that point is moot in light of the U.S. Court of Appeals for the Federal Circuit's opinion in Hyundai Steel Co. v. United States, 19 F.4th 1346, 1348 (Fed. Cir. 2021).

## CONCLUSION

Because the Court concludes that the <u>Remand Results</u> comply with the Court's remand order, the Court sustains the <u>Remand Results</u>. Judgment will be entered accordingly.

                                                    /s/ Jennifer Choe-Groves  
                                                  Jennifer Choe-Groves, Judge

Dated:    June 16, 2022  
            New York, New York